UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

FILED ___ LODGED
___ RECEIVED
SEP 21 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

T-6363 ISSUED

Charity Kerstetter
15 Mattie St
Cathlamet, WA 98612

Plaintiff,

v.

Regional Adjustment Bureau, Inc
c/o Leroy A Waddell, Registered Agent
3310 Keller Springs Road, Suite 120
Carrollton, TX 75006

Defendant.

Case No.:

Judge: C09 5585KLS

COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 6, 2009, Defendant telephoned Plaintiff at Plaintiff's place of employment.

8. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at Plaintiff's place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

9. During this communication, Plaintiff requested that Defendant stop contacting Plaintiff at Plaintiff's place of employment.

10. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment at least two more times.

11. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at Plaintiff's place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

12. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

21. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Lawrence Lofgren*
Lawrence S. Lofgren (Bar No. 34358)
600 Stewart St, Ste 724
Seattle, WA 98101
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: llo@legalhelpers.com
*Attorney for Plaintiff*

3